# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT ALLEN SMITH, <br> TDCJ No. 02018857, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | Lead: Civil No. SA-19-CA-0435-FB <br> Civil No. SA-19-CA-0432-FB |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* petitioner Robert Allen Smith's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and respondent's Answer (ECF No. 11) thereto. Petitioner challenges the constitutionality of his 2012 pleas of no contest to two charges of possession of a controlled substance, as well as the subsequent revocation of his deferred-adjudication probation in 2015, arguing: (1) his counsel was ineffective at both proceedings, (2) his right to a speedy trial was violated prior to pleading guilty, (3) his guilty pleas were the result of duress placed on him by the trial court, prosecutors, and defense counsel, (4) he was denied access to the courts following the revocation of his probation because the county jail had no legal materials to help him file an appeal, (5) his guilty pleas were involuntary due to mental health issues and stress, and (6) the trial court erred in accepting his guilty pleas. In her Answer, respondent Davis contends petitioner's federal habeas petition should be dismissed with prejudice as time-barred.

For the reasons set forth below, petitioner's federal habeas corpus petition is indeed untimely and is dismissed with prejudice as barred by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Petitioner is also denied a certificate of appealability.

## Background

On February 2, 2012, petitioner pleaded no contest to two counts of possession of a controlled substance (methamphetamine)—one for an amount over one gram but less than four grams and one for an amount over four-hundred grams. The trial court deferred an adjudication of guilt and placed petitioner on community supervision for a period of ten years. *State v. Smith*, Nos. CR10-058 and CR10-059 (216th Dist. Ct., Bandera Cnty., Tex. Feb. 2, 2012) (ECF No. 15-3 at 122-26; No. 15-4 at 104-08). No appeal was taken at that time, as petitioner waived his right to appeal as part of the plea bargain agreement. (ECF No. 15-3 at 134; No. 15-4 at 116).

Thereafter, the State filed a motion to proceed with an adjudication of guilt after petitioner failed to comply with several of the conditions of his community supervision, including twice testing positive for methamphetamines. (ECF No. 15-3 at 147-50; No. 15-4 at 129-31). Petitioner pleaded true to the alleged violations, and on August 17, 2015, the trial court found petitioner guilty of the underlying offenses, revoked his community supervision, and sentenced him to ten years of imprisonment on the first count and forty years of imprisonment for the second count, with the sentences to run concurrently. (ECF No. 15-3 at 189-90; No. 15-4 at 178-79). Although petitioner retained the right to appeal this decision, he did not attempt to file an appeal until April 9, 2018, when he filed a motion requesting permission to file an out-of-time appeal. (ECF No. 15-1 at 3). Because the request was filed more than two years too late, the court of appeals dismissed the appeals for want of jurisdiction. *Smith v. State*, Nos. 04-18-00242-CR and 04-18-00243-CR, 2018 WL 2694445 (Tex. App.—San Antonio June 6, 2018, no pet.) (ECF No. 15-2). Petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals (TCCA) following this dismissal.

Instead, petitioner challenged his convictions by filing two state habeas corpus applications on August 15, 2018, which the TCCA dismissed as improperly filed on September 19, 2018. *Ex parte Smith*, Nos. 88,933-01, -02 (Tex. Crim. App.) (ECF Nos. 15-5 and 15-9). Petitioner corrected the error and filed two more state habeas corpus applications which the TCCA denied without written order on March 20, 2019. *Ex parte Smith*, Nos. 88,933-03, -04 (Tex. Crim. App.) (ECF Nos. 15-15 and 15-19). Petitioner then placed the instant federal habeas petition in the prison mail system on April 16, 2019. (ECF No. 1 at 16).

## Timeliness Analysis

Respondent contends petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Under this statute, a state prisoner has one year to seek federal habeas review of a state court conviction, starting, in this case, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).

In this case, petitioner challenges his February 2012 guilty pleas and placement on community supervision as well as the trial court's subsequent revocation and adjudication of guilt in August 2015. Thus, with regard to the allegations concerning his February 2012 proceedings, petitioner's conviction became final March 3, 2012, when the time for appealing his judgment and sentence expired. *See* Tex. R. App. P. 26.2 (providing a notice of appeal must be filed within thirty days following the imposition of a sentence); *Caldwell v. Dretke*, 429 F.3d 521, 528 (5th Cir. 2005) (finding an order of deferred adjudication to be a judgment for § 2244 purposes). However, for challenges concerning his subsequent revocation in August 2015, petitioner's conviction became final September 16, 2015, again when the time for appealing his judgment and sentence expired.[1]

---

[1] Although petitioner attempted to file an appeal of these adjudications several years later, this appeal did not constitute a "direct review" under § 2244(d)(1)(A) because it was dismissed as untimely. *See Foreman v. Dretke*, 383 F.3d 366, 440 (5th Cir. 2004) (finding that a timely-filed state appeal constitutes "direct review" under § 2244(d)(1)(A) even though the appeal is later dismissed for want of jurisdiction).

Giving petitioner the benefit of the doubt and assuming he challenges only this later proceeding, the limitations period under § 2244(d) for filing a federal habeas petition still expired a year later on September 16, 2016.

Because petitioner did not file his § 2254 petition until April 15, 2019—two-and-a-half years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

**A.    Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, although § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection," it does not toll the limitations period in this case either. As discussed previously, petitioner's first two state habeas applications were submitted in August 2018, well after the limitations period expired for challenging either his placement on community supervision or the subsequent revocation and adjudication of guilt.[2] Because petitioner filed his state habeas applications after the time for filing

---

[2] Petitioner's first two state applications would not operate to toll the limitations period anyway because they were not properly filed. An improperly filed state habeas petition has no effect on the one-year time-bar. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.").

a federal petition under § 2244(d)(1) had lapsed, they do not toll the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

**B.    Equitable Tolling**

The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner did not reply to respondent's assertion of the statute of limitations in this case, nor did his petition provide this court with any valid reason to equitably toll the limitations period. Even with the benefit of liberal construction, petitioner has provided no justification for the application of equitable tolling, and a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, petitioner fails to demonstrate that he has been pursuing his rights diligently. Although petitioner claims he had no access to legal materials before he was transferred to TDCJ in September 2015, petitioner does not demonstrate that his claims (or supporting evidence) could not have been discovered and presented at an earlier date, much less explain why he waited until August 2018 to present the allegations in his first state habeas applications. Because petitioner failed to assert any specific facts showing that he was prevented, despite the exercise of due diligence on

his part, from timely filing his federal habeas corpus petition in this court, his petition is untimely and barred by § 2244(d)(1).

## Conclusion

Based on the foregoing reasons, petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and petitioner Robert Allen Smith's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as time-barred;

2. Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this court's procedural rulings are incorrect as required by FED. R. APP. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, this Court **DENIES** petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; and

3. All other remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 24th day of September, 2019.

                                                             _____
                                                             FRED BIERY
                                                             UNITED STATES DISTRICT JUDGE